**Order entered May 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01078-CR

### ERIC ROSE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F11-55385-Y**

## ORDER

On April 8, 2014, the Court entered an order directing official court reporter Sharon Hazlewood to file within fifteen days a supplemental reporter's record of the exhibits admitted into evidence during appellant's trial including appellant's judicial confession admitted into evidence as State's Exhibit 1 during the plea hearing. In the event Hazlewood did not possess one or more of the exhibits, she was ordered to file a letter stating the requested exhibit is not in her possession. The Court further ordered that Hazlewood not sit as a court reporter until she had complied with this Court's order.

By letter dated April 9, 2014, in response to this Court's inquiry, the District Clerk filed a letter with the Court stating the judicial confession was not filed with the District Clerk. On April 10, 2014, Hazlewood filed a supplemental reporter's record consisting of the case exhibits.

-1-

The supplemental reporter's record included two exhibits styled "Judicial Confession." Hazlewood did not file a letter. On May 16, 2014, appellant filed his fourth motion to supplement the record in this case pointing out that the judicial confessions filed with the supplemental record are from extraneous cases.

Accordingly, we **GRANT** appellant's fourth motion to supplement the record to the extent of the following relief.

We **ORDER** the trial court to conduct a hearing and make findings of fact regarding whether appellant's judicial confession that was admitted into the record as State's Exhibit 1 from the plea hearing is available for inclusion in the reporter's record or whether it has been lost or destroyed. If the judicial confession has not been lost or destroyed, the trial court is **ORDERED** to take whatever action may be necessary to direct the court reporter to prepare, certify, and file in the appellate record a supplemental reporter's record containing the omitted exhibit.

If the trial court determines that the exhibit has been lost or destroyed, the trial court shall further determine (1) whether appellant timely requested the reporter's record; (2) if, without appellant's fault, a significant exhibit has been lost or destroyed; (3) whether the lost or destroyed exhibit is necessary to the resolution of appellant's appeal; and (4) whether the lost or destroyed exhibit can be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. *See* TEX. R. APP. P. 34.6(f).

We **ORDER** the trial court to transmit to this Court a supplemental clerk's record, containing the written findings of fact, any recommendations, any supporting documentation, and any orders within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated thirty (30) days from the date of this order or when the supplemental record is received, whichever is earlier.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Michael Snipes, Presiding Judge of Criminal District Court No. 7; official court reporter Sharon Hazlewood; and counsel for the parties.

/s/     LANA MYERS
           JUSTICE